Dustin L. Clark, Esq., Utah Bar No. 12003
TAKOS LAW GROUP, LTD.
10785 West Twain Avenue, Suite 224
Las Vegas, Nevada 89135
Telephone: 702.658.1900
dustin@takoslaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| MONICA SWAPP REAL ESTATE LLC, a Nevada limited liability company; and TAMP LLC, a Nevada limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>TURMERIC FRESH INDIAN GRILL LLC, a Utah limited liability company; and MANDEEP JIT, an individual;<br><br>Defendants. | PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFAULTED DEFENDANTS MANDEEP JIT AND TURMERIC FRESH INDIAN GRILL LLC<br><br>Case No. 4:23-cv-00093<br><br>Magistrate Judge Paul Kohler |

Pursuant to Federal Rule of Civil Procedure 55(b)(1) and DUCivR 55-1(c)(1), Plaintiffs Monica Swapp Real Estate LLC and Tamp LLC (collectively, "Plaintiffs") hereby move for default judgment for a sum certain against Defendants Mandeep Jit (hereinafter, "Defendant Jit") and Turmeric Fresh Indian Grill LLC (hereinafter, "Defendant Turmeric") both of whom have defaulted. ECF Nos. 11 & 13. (Defendant Jit and Defendant Turmeric are collectively referred to herein as the "Defendants," unless otherwise indicated.)

Plaintiffs base this Motion on the pleadings and papers on file herein together with the following memorandum as well as the attached exhibits, which include supporting declarations in accordance with Rule 55(b)(1) and DUCivR 55-1(c)(1).

# MEMORANDUM IN SUPPORT

I.  **SPECIFIC RELIEF SOUGHT AND GROUNDS FOR RELIEF**

   A.  **Default Judgment**

Plaintiffs seek entry of default judgment by the Clerk against the Defendants, jointly and severally. Federal Rule of Civil Procedure 55(b)(1) and DUCivR 55-1(c)(1) provide the grounds for the specific relief that Plaintiffs seek. In particular, entry of default judgment by the Clerk against Defendants is proper because "[Plaintiffs'] claim is for . . . a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), and the declarations[1] filed herewith "show[] the amount due," *id*.

The above-captioned action is based on Defendants' breach of a Straight Note, attached hereto as Exhibit 16-4. The Straight Note provides the information to compute the amount of damages in this matter. Because Plaintiffs' claim is for an amount that can be calculated with certainty and the attached supporting declarations show the sum due, pursuant to Rule 55(b)(1), "[T]he clerk . . . must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." *Id*. Defendant Jit is neither a minor nor an incompetent person. Ex. 16-1, Swapp Decl. ¶ 3, Jan. 19, 2024. Also, Defendant Turmeric Fresh Indian Grill LLC, a Utah limited liability company, is neither a minor nor an incompetent person. Ex. 16-2, Clark Decl. ¶ 3, Jan. 22, 2024. The Clerk issued Certificates of Default against Defendant Turmeric and Defendant Jit on December 18, 2023 and December 26, 2023, respectively. ECF Nos. 11 & 13.

---

[1]  A declaration made in accordance with 28 U.S.C. § 1746 has the "like force and effect" of an affidavit. *Id*.

### B. Attorneys' Fees and Costs

In addition to damages, calculated based on the terms of the Straight Note, Plaintiffs seek their attorneys' fees pursuant to the plain language of the Straight Note, which states in pertinent part: "Should suit be commenced to collect this Note or any portion thereof, such sum as the Court may deem reasonable shall be added hereto as attorney's fees." Ex. 16-4, Straight Note. Further, Plaintiffs request costs pursuant to Federal Rule of Civil Procedure 55(b)(1).

### C. Total Amount Requested

As of the date of this Motion, the total sum-certain due and owing on the Straight Note is $171,562.56. Ex. 16-1, Swapp Decl. ¶¶ 7-8, Jan. 19, 2024. Plaintiffs request that the Clerk enter default judgment for the sum-certain total of $171,562.56 plus attorneys' fees in the amount of $21,287.00 and costs in the sum of $416.62, Ex. 16-2, Clark Decl. ¶ 6, Jan. 22, 2024; Ex. 16-3, Invoices, for a total judgment of $193,266.18.

## II. RELEVANT FACTS

### A. Straight Note Dated November 3, 2022.

1. Plaintiffs' Complaint against Defendants was filed October 13, 2023. ECF No. 1. Plaintiffs' action was based on Defendants' breach of the terms of a "Straight Note." The executed Straight Note is submitted along with this Motion as Exhibit 16-4.

2. Pursuant to the Straight Note, which Defendants executed on November 3, 2022, each of the Plaintiffs loaned $75,000, for a total of $150,000, to Defendants at an interest rate of 11.5%. ECF No. 1, Compl. at 3 ¶ 6; Ex. 16-4, Straight Note.

3. Defendants promised to repay the $150,000 loan—along with interest accumulating from November 2022 through January 2024—by paying Plaintiffs $14,296.88 per month for

twelve months commencing February 2023 and ending January 2024 when the entire unpaid principal balance, plus any accrued interest, was to become due and payable. Ex. 16-4, Straight Note.

4. The Straight Note "is secured by TURMERIC FRESH INDIAN GRILL, LLC operations, equipment and all related appurtenances and MANDEEP JIT in his personal capacity as an individual in addition to a Managing Member of TURMERIC FRESH INDIAN GRILL, LLC." Ex. 16-4, Straight Note.

5. According to the Straight Note, "[d]efault is defined as any monthly interest and principal installment that is Thirty (30) calendar days past due. Another form of Default would also include failure to pay the balance of the loan by the maturity date identified as January 1, 2025." Ex. 16-4, Straight Note.

6. Pursuant to the Straight Note, "[s]hould default be made in the payment of any of said installments when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this Note." Ex. 16-4, Straight Note.

7. As of the filing of this complaint, Defendants have violated the terms of the Straight Note by not paying any of the monthly installments of principal and interest, and they have therefore defaulted on the Straight Note because their monthly installment payments are thirty calendar days past due. *Id*. at 4 ¶ 11; Ex. 16-1, Swapp Decl. ¶ 5, Jan. 19, 2024.

8. Regarding attorneys' fees incurred to collect on the loan, the Straight Note states: "Should suit be commenced to collect this Note or any portion thereof, such sum as the Court may deem reasonable shall be added hereto as attorney's fees." Ex. 16-4, Straight Note.

B.     **Notice of Default and Acceleration**

9.     In a letter dated September 19, 2023, sent to Defendants via certified U.S. mail and email, Plaintiffs' legal counsel notified Defendants of their default on the Straight Note and that "the entire sum of principal and interest is accelerated and is now immediately due and payable under the terms of the Note." *Id*. at 4 ¶ 14.

10.    Neither Plaintiffs nor their legal counsel have received any payments from Defendants for the outstanding principal and interest on the Straight Note. *Id*. at 4 ¶ 15.

C.     **Defendants' Default Due To Their Failure To Plead Or Otherwise Defend**

11.    On November 15, 2023, service of process was effectuated on Defendant Turmeric, ECF No. 7, and Defendant Jit, ECF No. 8.

12.    The deadline for Defendants to answer or otherwise respond to the Complaint was December 6, 2023, *see* Fed. R. Civ. P. 12(a)(1)(A)(i) (explaining that a "defendant must serve an answer: within 21 days after being served with the summons and complaint.").

13.    Defendants did not file and serve an answer or other response to the Complaint by December 6, 2023 or anytime thereafter and thereby failed to plead or otherwise defend.

14.    As a result of Defendants' failure to plead or otherwise defend, Plaintiffs moved for the issuance of default certificates pursuant to Rule 55(a) and DUCivR 55-1(b).  ECF Nos. 10 & 12.

15.    The Clerk issued a Certificate of Default against Defendant Turmeric on December 18, 2023.  ECF No. 11.  (A true and correct copy of the Certificate of Default against Defendant Turmeric is attached hereto as Exhibit E.)

16. The Clerk's Certificate of Default against Defendant Jit was issued December 26, 2023. ECF No. 13. (A true and correct copy of the Certificate of Default against Defendant Jit is attached hereto as Exhibit F.)

17. Defendant Jit is neither a minor nor an incompetent person. Ex. 16-1, Swapp Decl. ¶ 3, Jan. 19, 2024.

18. As a Utah limited liability company, Defendant Turmeric is neither a minor nor an incompetent person. Ex. 16-2, Clark Decl. ¶ 3, Jan. 22, 2024.

19. As of the date of the filing of Plaintiffs' Motion for Default Judgment, the amount due and owing on the Straight Note is $171,562.56, which is comprised of principal in the sum of $150,000.00 and accrued interest of $21,562.56. The amount due of $171,562.56 is calculated by multiplying the "Interest and Principal Monthly Payment" of $14,296.88, as set forth on the Straight Note, Ex. 16-4, by twelve (12) months, which equals $171,562.56. Ex. 16-1, Swapp Decl. ¶¶ 4-8, Jan. 19, 2024.

20. Plaintiffs' attorneys' fees and costs of bringing and maintaining this action total $21,287.00 and $416.62, respectively. Ex. 16-2, Clark Decl. ¶ 6, Jan. 22, 2024; Ex. 16-3, Invoices.

### III. ARGUMENT AND SUPPORTING AUTHORITY

#### A. Default Judgment Should Be Entered Against The Defendants.

Entry of default judgment by the Clerk against the Defendants is proper because "[Plaintiffs'] claim is for a sum certain or a sum that can be made certain by computation . . . ." Fed. R. Civ. P. 55(b)(1). Federal Rule of Civil Procedure 55 provides a two-step process for procuring a default judgment. First, a party must obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed

to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Second, after the clerk enters the defendant's default, the plaintiff may apply to the court for a default judgment. *Id*. 55(b)(2). If, however, the "claim is for a sum certain or a sum that can be made certain by computation," the plaintiff may request entry of default judgment from the clerk, who "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." *Id*. 55(b)(1).

A "claim is for a sum certain or a sum that can be made certain by computation," and a default judgment may be entered without a hearing, when "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (citations omitted). Consequently, if "[a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *United States v. Craighead*, 176 F. Appx. 922, 925 (10th Cir. 2006) (unpublished) (alteration in original) (quoting 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure § 2688 (3d ed. 1998)).

In the present matter, entry of default judgment by the Clerk is suitable because the amount that Plaintiffs claim is a sum certain "capable of mathematical calculation," *Venable*, 721 F.2d at 300; *see* Fed. R. Civ. P. 55(b)(1) (stating that entry of default judgment by the clerk is appropriate where "plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . . ."

The attached Straight Note itself provides the calculation of the sum certain that Plaintiffs request in the default judgment. As of the date of the filing of Plaintiffs' Motion for Default Judgment, the amount due and owing on the Straight Note is $171,562.56, which is comprised of principal in the sum of $150,000.00 and accrued interest of $21,562.56. The amount due of $171,562.56 is calculated by multiplying the "Interest and Principal Monthly Payment" of $14,296.88, as set forth on the Straight Note, Ex. 16-4, by twelve (12) months, which equals $171,562.56.

### B. Plaintiffs Should Be Awarded Their Reasonable Attorneys' Fees.

As part of this Motion for Default Judgment, Plaintiffs seek their attorneys' fees and costs incurred in bringing this lawsuit. The Straight Note states: "Should suit be commenced to collect this Note or any portion thereof, such sum as the Court may deem reasonable shall be added hereto as attorney's fees." Ex. 16-4, Straight Note. "In the Tenth Circuit, the reasonableness of an attorneys' fees request is analyzed according to the lodestar method, which involves calculating 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' which yields 'a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances.'" *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-CV-00032-RJS, 2022 WL 2474013, at *3 (D. Utah July 6, 2022) (citing *Anchondo v. Anderson, Crenshaw & Assoc., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010)).

The rates that Plaintiffs' legal counsel charged in this matter are $425/hour for Dustin Clark and $450/hour for Zach Takos. Ex. 16-2, Clark Decl. ¶ 4, Jan. 22, 2024. Mr. Clark graduated from Florida State University College of Law, with honors, in 2005, and passed the Wyoming bar that same year. *Id*. ¶ 5. He passed the Nevada bar in 2007 and the Utah bar in 2008. *Id*. He has

been a civil litigator throughout his eighteen-year career as an attorney during which he has been involved in complex commercial litigation, including class and collective actions, multi-million-dollar contract disputes, and receiverships. *Id*.

Mr. Takos graduated from George Mason University Law School in 2008, passed the Nevada bar that same year, and immediately began working for some of the finest litigators in Las Vegas at the law firm of Brownstein Hyatt Farber Schreck, LLP. Ex. 16-5, Takos Decl. ¶ 3, Jan. 22, 2024. Mr. Takos has over twelve years of experience handling the most complex of cases and was named as a Rising Star by Super Lawyers Magazine in 2014, 2015, and 2016. Mr. Takos was also named as a Mountain States Super Lawyer in 2017, 2018, 2019, 2020, 2021, 2022, and 2023.

The rates charged are reasonable and appropriate considering the work done, market, and knowledge and skill level involved. Further, most of the hours worked were done by attorney Dustin Clark, to leverage his lower hourly rate.

Plaintiffs have incurred attorneys' fees of $21,287.00[2] and $416.62 in costs with regard to the above-captioned action. Ex. 16-2, Clark Decl. ¶6, Jan. 22, 2024. Time records to substantiate these fees are filed herewith as Exhibit 16-3. The legal services provided for these fees include:

The preparation and filing of the Complaint, including conducting factual research, gathering and reviewing documents and evidence, legal research regarding each of the claims for relief, and drafting the Complaint and other initial court filings and papers, in the amount of

---

[2] The attorneys' fees set forth herein include work performed between August 16, 2023 and December 29, 2023. For the period of January 1-21, 2024, Plaintiffs' have incurred an additional $11,482.50 in attorneys' fees in preparing the Motion for Default Judgment and supporting documentation. Plaintiffs will supplement the amount of the attorneys' fees incurred for the month of January 2024 once invoices for said time period are generated. Ex. 16-2, Clark Decl. ¶ 9, Jan. 22, 2024.

$14,327.00. Ex. 16-2, Clark Decl. ¶7, Jan. 22, 2024; Ex. 16-3. Further legal services provided for the attorneys' fees include preparing Plaintiffs' motions for entry of default as to Defendants Jit and Turmeric, respectively, the motion for default judgment and supporting documents, including legal research, and drafting motion, supporting memorandum, and declarations, in the amount of $6,960. Ex. 16-2, Clark Decl. ¶7, Jan. 22, 2024; Ex. 16-3. The costs incurred to date are $416.62, which includes filing fees, service of the complaint and summonses. Ex. 16-3.

## IV. CONCLUSION

Straight-forward mathematical calculations provide the sum-certain amount of the Plaintiffs' damages, and entry of the default judgment is appropriately made by the Clerk of the Court in the amount of $171,562.56, Ex. 16-1, Swapp Decl. ¶¶ 7-8, Jan. 19, 2024 plus attorneys' fees of $21,287 and costs of $416.62, Ex. 16-2, Clark Decl. ¶ 6, Jan. 22, 2024, for a total judgment of $193,266.18.

DATED: January 22, 2024.

Respectfully submitted,

**TAKOS LAW GROUP, LTD.**

 /s/ *Dustin L. Clark*
Dustin L. Clark, Esq.
*Attorneys for Plaintiffs*